UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

    Plaintiff,

v.

UNITED STATES, *et al.*,

    Defendants.

CASE NO. **2:22-cv-00487-LK-DWC**

REPORT AND RECOMMENDATION

Noting Date: May 13, 2022

    Plaintiff John Demos, Jr., a state prisoner, has filed a proposed complaint under 42 U.S.C. § 1983. *See* Dkt. 1. As discussed below, the proposed complaint should be dismissed.

    Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 94 Wash. 2d 733, 734 (1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). Under a bar order, this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit

that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"].

Here, Plaintiff asks the Court to issue a federal criminal complaint against Defendants because they have allegedly engaged in unlawful conduct. *See* Dkt. 1 at 1, 3. However, Plaintiff did not submit the separate affidavit that the 1992 Bar Order requires. Furthermore, plaintiff's request for relief is frivolous. *See United States v. Edmonson*, 792 F.2d 1492, 1497 (9th Cir. 1986) ("[U]nder our system of separation of powers, the decision whether to prosecute . . . rests in the discretion of the Attorney General or his delegates, the United States Attorneys.").

Accordingly, it is **RECOMMENDED** that Plaintiff's proposed complaint (Dkt. 1) be **DISMISSED WITH PREJUDICE** and that this case be **CLOSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Parties shall have **fourteen (14) days** from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **May 13, 2022** as noted in the caption.

Dated this 25 day of April, 2022.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2